## ADMISSIBILITY OF STATEMENTS MADE BY AN ACCUSED PERSON IN A FOREIGN LANGUAGE.

Circuit Court of Cuyahoga County.

IGNAZIO RIOLO v. STATE OF OHIO.

Decided, December 16, 1911.

*Criminal Law—Evidence—Conversation in Italian Given in English to Jury—Cross-Examination of Accused—Previous Admissions by Him.*

1. Statements made by the accused in Italian in answer to questions put to him in the same language by police officers, after his arrest, may be given to the jury in English by said officers, their ability to understand and translate Italian correctly being first inquired into and put before the jury.
2. The accused having given evidence in his own behalf may, on cross-examination, be questioned as to a different story by him told to police officers after his arrest.

*T. J. Ross* for plaintiff in error.

*J. A. Cline,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

There was no error in the admission of the testimony of the two police officers as to statements made by the accused to them at the police station, after his arrest. Though they questioned him in Italian, and he answered in the same language, it was proper for them to repeat in English to the jury what had been said by and to them in Italian. It would have been idle to require them to first give to the jury the questions and answers in Italian and then translate the same themselves, or have an interpreter to translate it to the jury. Their ability to understand the language and translate it correctly was gone into and put before the jury, so that it was enabled to give this evidence the weight to which it was entitled.

Nor was there error in cross-examining the accused as to what the police officers had said to him and what he had said to them at the police station. The examination on this point was

not for the purpose of eliciting affirmative proof that he *had* made the admissions testified to by the police officers, but to discredit his evidence given in his own behalf by showing that he had previously told a different story. The evidence of the police officers was offered by the state in chief.

As to the weight of the evidence:

The testimony of the police officers, admitted to be true in several important particulars by the accused himself in the cross-examination referred to, shows that the accused was clearly guilty as charged in the indictment and properly convicted.

Finding no error in the record, and believing that substantial justice was done in this case, the judgment is affirmed.